## IN THE UNITED STATES DISTRICT COURT FOR THE
## FOR THE DISTRICT OF KANSAS

**JOSEPH E. MATTINGLY,**

          **Plaintiff,**

                                  **Case No.  05-02185-CM/DJW**

**vs.**

**ONEBEACON INSURANCE COMPANY**

          **Defendant.**

### JOINT PROTECTIVE ORDER
### FOR CONFIDENTIAL DISCOVERY MATERIALS

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and upon the joint motion of the parties (doc. 7), and for good cause shown, the Court hereby finds that a Protective Order is necessary to protect the confidentiality and proprietary nature of documents, trade secrets, and to protect from disclosure information that would cause unreasonable annoyance, embarrassment, or oppression, and disclosure of which would cause significant public and/or private harm.  The Court hereby issues this Protective Order, and it is accordingly,

ORDERED that the confidential contents and proprietary nature of all documents, testimony, answers to interrogatories and requests for production or admission, and all other information in whatever form produced or given by any person, pursuant to order of this Court or pretrial discovery in this action (hereinafter "Discovery Materials") shall be protected and governed as follows:

1.      Any party may designate as confidential any Discovery Materials that are deemed reasonably and in good faith by that party to embody, reflect, refer to or otherwise disclose (a) trade secrets, (b) information of a confidential or proprietary nature, or (c) information that would cause unreasonable annoyance, embarrassment, or oppression, and disclosure of which would cause significant public and/or private harm or an invasion of privacy.  At this time, the parties anticipate the following documents will need to be protected pursuant to this Order: (a) documents containing confidential financial information, (b) employment records containing confidential information of individuals who are not a party to this lawsuit; (c) documents containing confidential business information or data; and (d) any other

documents which if disclosed would cause significant public and/or private harm. Any party may designate a document as confidential by either physically marking them as "Confidential" or by separately producing and copying such information and notifying the discovering party in writing of their protected nature. A party may designate deposition testimony as "Confidential" at the beginning of a deposition. Within thirty (30) days of receipt of the transcript for review, the party invoking the "Confidential" designation must identify those portions of the final transcript which will remain protected by designating as "Confidential" pages of the transcript in a letter to opposing counsel.

2.     Discovery Materials designated as confidential may only be made available to (a) counsel of record for any party, and the legal associates, clerical or support staff of such counsel assisting in the preparation of this action, (b) a party, or independent experts, or potential experts, or any other person employed or retained by counsel for the purpose of assisting counsel in this action after said person has executed and delivered to counsel contemplating the disclosure such person's written acknowledgment, agreement and consent to abide by the terms of this Protective Order, and (c) witnesses, court personnel and court reporters at any proceedings held in connection with this action.

3.     Any person receiving Confidential Discovery Materials shall safeguard their confidentiality and shall not reveal or discuss such materials to or with any person or entity not entitled to disclosures herein provided.

4.     Before any Confidential Discovery Materials are submitted to any court, including this Court, for filing, the party proposing to file such documents shall first advise all opposing counsel and shall file a motion seeking leave of court to file such documents under seal.

5.     Upon termination of this action, including any appeals thereof, all copies of confidential Discovery Materials shall be returned to the producing party, with the exception of one copy which counsel will retain in his or her litigation file for no longer than five years following termination of this action, including appeals thereof, at which point the Confidential Discovery Materials shall be destroyed.

6.     If any party objects to another's designations of Discovery Materials as confidential, the objecting party shall give counsel for the party making the designation written notice of such objection, stating the reason(s) for the objection. The designating party shall respond in writing within ten (10)

working days of its receipt.  If the parties cannot resolve their dispute, the designating party may apply to the Court for a ruling on whether the materials shall continue to be treated as confidential under the terms of this Protective Order.

7.      Nothing herein shall affect or restrict the rights of any party with respect to its own documents.

8.      By the entry of this Order, the parties shall not be deemed to have waived any objection available to them in response to any discovery request.

9.      This Order is without prejudice to the rights of any party to seek its modification or amendment by further order of this Court.  The parties have consented to the entry of this Protective Order upon the express condition that they reserve the right to seek relief or supplemental order of this Court if the provisions of this Protective Order would later result in undue burden or expense or would undermine counsels' ability to represent their clients in this case.

IT IS THEREFORE ORDERED that the Parties' Joint Motion for Protective Order (doc. 7) is granted.

IT IS SO ORDERED.

Dates this 6th day of October, 2005.


s/ David J. Waxse

David J. Waxse
U.S. Magistrate Judge

So Moved and Consented to:

FERREE, BUNN, O'GRADY & RUNDBERG, CHTD.


s/ Kirk T. Ridgway
Lawrence L. Ferree, III, KS Bar No. 08519
Kirk t. Ridgway, KS Bar No. 17172
9300 Metcalf, Suite 300
Overland Park, KS 66212
Telephone: (913) 381-8180
Facsimile: (913) 381-8836
ATTORNEYS FOR PLAINTIFF

CONSTANGY, BROOKS & SMITH, L.L.C.


s/ Kerri S. Reisdorff
Michael L. Blumenthal, KS Bar No. 18582
Kerri S. Reisdorff, KS Bar No. 19709
2600 Grand Blvd., Suite 300
Kansas City, MO 64108
Telephone: (816) 472-6400
Facsimile: (816) 472-6401
ATTORNEYS FOR DEFENDANT